United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41522
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN APARICIO-MARTINEZ, true name Juan Silvestre
Aparicio-Martinez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(5:04-CR-537-ALL)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Silvestre Aparicio-Martinez
(Aparicio) appeals his sentence under 8 U.S.C. § 1326(a) and (b)
for illegal re-entry into the United States after having been
deported following conviction for an aggravated felony.

Aparicio maintains that the "felony" and "aggravated felony"
provisions of 8 U.S.C. § 1326(b) are unconstitutional. This issue
is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224,
235 (1998). Although Aparicio contends that <u>Almendarez-Torres</u> was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incorrectly decided and that majority of the Supreme Court would overrule it in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Aparicio candidly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, raising it here solely to preserve it for further review.  His conviction is AFFIRMED.

In addition, Aparicio asserts that the district court's proceeding during sentencing under the United States Sentencing Guidelines as mandatory, rather than advisory, requires us to reverse under <u>United States v. Booker</u>, 543 U.S. 220 (2005).  We apply a harmless error standard of review. <u>United States v. Mares</u>, 402 F.3d 511, 520 n.9 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005).  The government has not met its burden of proving that the district judge would have imposed the same sentence under an advisory guidelines regime. <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 463-65 (5th Cir. 2005).  Aparicio's sentence is thus vacated and his case remanded to the district court for resentencing in accordance with <u>United States v. Booker</u>.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.

I:\AIMS\FORMS\04\04-41522\5374406\04-41522.0.wpd

2